People v Sarner (2019 NY Slip Op 08224)





People v Sarner


2019 NY Slip Op 08224


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-04695
 (Ind. No. 860/14)

[*1]The People of the State of New York, respondent,
v
Philip G. Sarner, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Kevin C. King of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), rendered December 17, 2015, convicting him of criminal contempt in the first degree and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence. By decision and order dated December 5, 2018, this Court remitted the matter to the Supreme Court, Nassau County, for further proceedings on the defendant's motion to withdraw his plea of guilty, and thereafter for the submission of a report by the Supreme Court on its determination of the motion. The appeal was held in abeyance pending receipt of a report from the Supreme Court. The Supreme Court has filed its report.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to criminal contempt in the first degree and criminal contempt in the second degree. At his sentencing hearing, the defendant stated that he wished to withdraw his plea of guilty on the grounds that he was innocent, and that he was coerced into pleading guilty. His attorney stated that he did not want to be a party to the motion. His attorney further stated: "I fought long and hard to get this. I thought we had this." The Supreme Court denied the defendant's motion.
In a decision and order dated December 5, 2018, this Court determined that the defendant's attorney had taken a position adverse to the defendant during the sentencing hearing, and thus that the defendant should have been appointed new counsel on his motion to withdraw his plea of guilty (see People v Sarner, 167 AD3d 663, 664). Accordingly, this Court remitted the matter to the Supreme Court "for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant should be appointed new counsel, and thereafter a report to this Court limited to its findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea of guilty. The appeal will be held in abeyance pending receipt of the Supreme Court's report" (id. at 664-665).
Upon remittitur, the Supreme Court assigned new counsel to the defendant, and held a new hearing on April 17, 2019. The defendant's new counsel stated that she had explained the situation to the defendant, and that he now wished to withdraw his motion to withdraw his plea. The [*2]court reviewed the situation with the defendant and confirmed that he wished to withdraw the motion. In a report to this Court dated April 23, 2019, the Supreme Court noted that the defendant's motion had been withdrawn, and that there was no further action to be taken.
Since the defendant has withdrawn his motion to withdraw his plea of guilty, the issue of the denial of that motion is now academic.
The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256; People v Brown, 122 AD3d 133, 134).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the judgment.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court